

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHINE'S RANCH CORP. | § | |
| | § | |
| Plaintiff. | § | |
| v. | § | CA 3:04-CV-2371-R |
| | § | |
| TOM RIDGE, SECRETARY | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY; AND EVELYN M. | § | |
| UPCHURCH, DIRECTOR OF TEXAS | § | |
| SERVICE CENTER, UNITED STATES | § | |
| CITIZENSHIP AND IMMIGRATION | § | |
| SERVICES. | | |
| | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Shine's Ranch Corporation's ("Shine's Ranch" or Plaintiff) Motion for Summary Judgment and Tom Ridge, Secretary, Department of Homeland Security, Evelyn M. Upchurch, Director of Texas Service Center, United States Citizenship and Immigration Services' ("Federal Defendants" or Defendants) Cross Motion for Summary Judgment (filed July 1, 2005). For the reasons set out below, Plaintiff's Motion is Denied and Defendants' Motion is GRANTED.

## I. Background

In April 2003 Shine's Ranch filed a Form I-129 seeking to extend the nonimmigrant L-1A visa of its beneficiary, Sahin Maraslioglu, for an additional three years. Shortly thereafter the United States Citizen and Immigration Service (USCIS) requested additional evidence from Plaintiff. In May 2003 the USCIS denied the petition. Plaintiff's appeal to the USCIS's Administrative Appeals Office was dismissed in a final agency decision, and Plaintiff filed this suit in federal court.

Plaintiff claims that the USCIS's decision was "arbitrary and capricious" under section 706

(2)(A) of the Administrative Procedure Act. Defendants argue that Plaintiff's suit should be dismissed because the Court lacks subject matter jurisdiction, or in the alternative because the USCIS did not err in denying Plaintiff's request for a visa extension.

## II. Standard

Summary judgment is proper when viewing all the evidence in the light most favorable to the non-movant "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Williamson v. U.S. Dep't. of Agric.*, 815 F.2d 368, 373 (5th Cir.1987).

When ruling on a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). To defeat a defendant's motion for summary judgment, "there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." Id. at 252.

## III. Discussion

### A. *Whether the Court Has Subject Matter Jurisdiction*

The Defendants argue that 8 U.S.C. § 1252(a)(2)(B) precludes review of the USCIS's decision to deny Plaintiff's request for a visa extension. However, this case is a review of discretion "derived from regulations promulgated by the Attorney General." *Zhao v. Gonzalez*, 404 F.3d 295, 303 (5th Cir. 2005). The statute that controls the admission of nonimmigrants, 8 U.S.C. § 1184(a)(1) states: "The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulation prescribe." The regulation governing petitions for visa extensions, 8 C.F.R. § 214.1(c)(5), states: "Where an applicant or

petitioner demonstrates eligibility for a requested extension, it may be granted at the discretion of the Service." Therefore, based on *Zhao* and the texts of the relevant statute and regulation, we retain the authority to review the case at hand.

**B. *Whether the USCIS Abused Its Discretion in Denying Plaintiff's Request for A Visa Extension***

USCIS decisions are reviewed under 5 U.S.C. § 706 (2)(A) of the Administrative Procedure Act ("APA"). Under this statute, a USCIS decision can be overturned only if Plaintiff can demonstrate that the ruling was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." A decision is arbitrary and capricious when it is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. *Wilson v. U.S. Dep't of Agriculture*, 991 F.2d 1212, 1215 (5th Cir. 1993). The decision must have a rational basis. *Id.*

In this case, the USCIS had a rational basis to deny Plaintiff's request for an extension of Maraslioglu's L-1A nonimmigrant visa. Plaintiff originally petitioned for a nonimmigrant intra-company transferee visa for Maraslioglu pursuant to 8 U.S.C. § 1101(a)(15)(L), which defines a transferee as:

> an alien who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation...and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge...

8. U.S.C. § 1101 (a)(15)(L). "Managerial capacity" is defined as an assignment within an organization in which the employee *primarily:*

> (i) manages the organization, or a department, subdivision, function, or component

of the organization;

(ii) supervises and controls the work of other supervisory, professional, or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organziation;

(iii) if another employee or employees are directly supervised, has the authority to hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization) or, if no other employee is directly supervised, functions at a senior level within the organizational heirarchy or with respect to the function managed; and

(iv) exercises discretion over the day-to-day operations of the activity or functions for which the employee has authority. A first-line supervisor is not considered to be acting in a managerial capacity merely by virtue of the supervisor's supervisory duties unless the employees supervised are professionals.

8 U.S.C. § 1101(a)(44)(A); 8 C.F.R. § 214.2(l)(1)(ii)(B) (emphasis added.). The term "executive capacity" is defined as an assignment within an organization in which the employee *primarily:*

(i) directs the management of the organization or a major component or function of the organization;

(ii) establishes the goals and policies of the organization, component, or function;

(iii) exercises wide latitude in discretionary decision-making; and

(iv) receives only general supervision or direction from higher level executives, the board of directors, or stockholders of the organization.

8 U.S.C. § 1101(a)(44)(A); 8 C.F.R. § 214.2(l)(1)(ii)(C) (emphasis added.).

Plaintiff argues that the USCIS confused the terms of "executive capacity" and "managerial

capacity" in ruling on its extension request. Defendants argue that the USCIS did not abuse its discretion in denying the request for extension because Plaintiff failed to provide sufficient evidence establishing that Maraslioglu was employed in the United States in a primarily managerial or executive capacity. Defendant argues, and the evidence shows, that Plaintiff described Marislioglu's functions in general terms as being managerial and executive in nature without providing specific examples of his duties. Furthermore, the evidence shows that Plaintiff failed to show that Marislioglu's duties were *primarily* managerial or executive in nature. In failing to produce a specific list of Marislioglu's duties, the Plaintiff was unable to prove that the duties were mostly managerial or executive. By requiring that the duties be primarily managerial or executive, the express language of the regulations excludes workers whose job involves a mix of management and non-management responsibilities. And given the small size of Plaintiff's operations, it was not irrational for the Defendants to conclude that Marislioglu did not qualify as a manager or executive.

Defendants did not abuse their discretion in denying Plaintiff's request for a visa extension. Therefore, Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's Motion for Summary Judgment is GRANTED.

**It is so ORDERED.**

**ENTERED: August 10 2005**

_____
United States District Judge
Northern District of Texas